

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00220-CR

PATRICK WILLIAM DWYER                        APPELLANT

V.

THE STATE OF TEXAS                           STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1322202R

----------

## MEMORANDUM OPINION[1]

----------

Patrick William Dwyer appeals his convictions and sentences for continuous sexual abuse and indecency with a child with respect to two different complainants. In one issue, he contends that the trial court abused its discretion by erroneously admitting testimony from a sexual abuse nurse examiner as an

---

[1]*See* Tex. R. App. P. 47.4.

outcry witness under article 38.072 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2014). We affirm.

The State gave pretrial notice of its intent to offer the statements of three witnesses, including Nurse Crawford, as outcry witnesses for each complainant under article 38.072. Before trial, outside the jury's presence, appellant objected that the State could offer the testimony of only one of the three witnesses as an outcry witness for each complainant under article 38.072. The State argued at that time that only two of the witnesses—excluding Nurse Crawford—could properly be classified as outcry witnesses for each complainant: the complainants' mothers and the forensic interviewers who interviewed the complainants. The trial court overruled appellant's objection but granted a running objection.

During Nurse Crawford's testimony, the following occurred:

A. Verbatim she said: Two years ago I was 11 and . . . I asked . . . what his name was. She said Patrick Dwyer.

[DEFENSE COUNSEL]: Judge, I'm going to object to hearsay.

THE COURT: Sustained.

[STATE]: Your Honor, these --

THE COURT: Oh, I'm sorry. This was taken in the middle of a medical interview?

[STATE]: Yes, Your Honor. These statements were made for purposes of medical diagnosis.

THE COURT: That objection's overruled. You may have a running objection.

When Nurse Crawford was asked the same questions regarding the second complainant, appellant made the same "hearsay" objection, and the trial court overruled it and gave him a running objection.

On appeal, appellant contends that Nurse Crawford's testimony was erroneously admitted under article 38.072; in other words, appellant claims that this hearsay exception does not apply to allow the testimony. But at trial, the State relied on a different hearsay exception as a basis for admitting the testimony: the rule 803(4) exception for medical diagnosis or treatment. Tex. R. Evid. 803(4). Thus, we construe appellant's complaint to be that the trial court improperly admitted hearsay testimony to which no exception applies.

Rule 803(4) provides that the following statements are admissible as an exception to the hearsay exclusionary rule: "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *Id.* For statements to be admissible under this hearsay exception, the proponent of the evidence must show that (1) the declarant was aware that the statements were made for the purposes of medical diagnosis or treatment and that proper diagnosis or treatment depended on the veracity of the statement and (2) the particular statement offered is also "pertinent to treatment," that is, it was reasonable for the health care provider to rely on the particular information in

3

treating the declarant. *Taylor v. State*, 268 S.W.3d 571, 589, 591 (Tex. Crim. App. 2008).

Nurse Crawford explained her usual process of examining a child for possible sexual abuse, including a physical examination and interview with both the child and a parent or other adult who brought the child for the examination. Nurse Crawford testified that a particular concern of hers when examining a child in connection with potential sexual abuse is "STD's, the wellness of the genital area, HIV, [and] syphilis." She said she explains to children "why it's important for them to tell me the truth. And I make sure that they know why they're there, which is for the purpose of diagnosis and treatment." She explained that it is important for children to be truthful about "what has been done to their" bodies "because then I would know what labs to do on them, what to look for when I'm doing their medical exam. Just like anytime you go to the doctor, it's important to give all symptoms so we can kind of put a diagnosis together and medically treat you correctly." She further testified that it is important to ask the child who the abuser is: "[N]umber one, so I know who we're talking about and what -- most of the time, unfortunately, it's someone that they love and trust. And so it's important to also treat them, know what type of counseling, follow-ups they're going to need, and psychological resources."

Nurse Crawford also testified in detail about the interviews and examinations she performed with respect to the complainants, who were fourteen

4

and sixteen at the time.  She discussed the interview and physical examination for each child.

We conclude and hold that Nurse Crawford's testimony regarding her interviews and examinations of the two complainants provided a sufficient basis for the trial court to determine that her testimony about what the complainants told her was admissible under the rule 803(4) hearsay exception and, thus, that the trial court did not abuse its discretion by admitting the evidence.  *See, e.g.*, *Beheler v. State*, 3 S.W.3d 182, 188–89 (Tex. App.—Fort Worth 1999, pet. ref'd). We overrule appellant's sole issue.

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 2015